UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAVEN GRIFFIN,

        Plaintiff,

v.                                                    Case No. 21-cv-666-pp

ALEXIS LIGGINS,
*Milwaukee County Circuit Court Commissioner*,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND DISMISSING CASE FOR LACK OF JURISDICTION**

        The plaintiff, representing herself, filed a complaint on May 27, 2021 against Milwaukee County Court Commissioner Alexis Liggins. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

**I.    Motion to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

        To allow a plaintiff to proceed without prepaying the filing fee, the court first must decide whether she is able to pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff says that she is not employed, not married and responsible for supporting her three children. Dkt. No. 2 at 1. She says that her only income is $794 in Social Security benefits each month and her monthly expenses total that amount. Id.

1

at 2-3. Although the court is satisfied that the plaintiff is unable to pay the filing fee, every person whom a court allows to proceed without prepaying the filing fee is still "liable for the full fees," because "all [28 U.S.C.] § 1915(a) does for any litigant is excuse the *pre*-payment of fees." Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997) (original emphasis); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but not without ever paying fees."). The plaintiff is responsible for paying a separate filing fee each time she files a new case—even if the court grants her motion to proceed without the prepayment of fees. The plaintiff must pay the fee as she is able.

**II.     Screening**

The court still must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)((i)-(iii). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting her claims; she needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative

2

level." Id. The court must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

The plaintiff brings a claim under 42 U.S.C. §1983 alleging that Commissioner Alexis Liggins violated the plaintiff's Ninth and Fourteenth Amendment rights. Dkt. No. 1 at 2. She says that "the Defendant also under the color of law" intentionally discriminated against her "and violated [her] rights as a covered person 42 U.S.C. 264 section 361 of the Public Health Service Act (42 U.S.C. 264 and federal regulations codified at 42 C.F.R. §70.2. 'Covered Person,' several laws 18 U.S.C. 3359) and 3571, 42 U.S.C. 271 and 42 CFR 70.18." Id. at 2-3. She accuses the defendant of entering a "restitution of writ despite federal laws as state cannot nullify federal law." Id. at 3. She also alleges that the defendant's actions caused her to become homeless. Id. She directs the court to an attached document. Id.

The plaintiff asks for $800,000 in damages. Id. The "Relief" portion of her complaint adds that she is suing the defendant in her capacity as the Court Commissioner of the Milwaukee County Circuit Court. Id. The plaintiff asserts that the court has federal question jurisdiction under 28 U.S.C. §1331. Id.

The attached document—titled "Complaint & Summons"—fills in factual allegations. Dkt. No. 1-1. In this document, the plaintiff alleged that Commissioner Liggins "purposely ignored facts, evidence, and law" when deciding a case in which the plaintiff may have been a party. Id. at 2. It appears that the plaintiff may have been the defendant in an eviction action brought by her landlord over which Commissioner Liggins presided. The

3

plaintiff says that Commissioner Liggins "proceeded without jurisdiction." Id. The plaintiff then discusses an incident with a different individual in a different case that the plaintiff says shows that Commissioner Liggins is biased. Id. at 2-3. The plaintiff continues by discussing the procedural history of her own case and describes some of the relevant evidence underlying her grievances with the state court. Id. at 3-4. She repeats that the Milwaukee County Circuit Court did not have jurisdiction over the case, citing several federal statutes (including criminal statutes). Id. at 4-5.

As best the court can tell, the plaintiff appears to be challenging the state court's jurisdictional finding. This court is not the proper entity for such a challenge. "[T]he *Rooker-Feldman* doctrine 'precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment." Brokaw v. Weaver, 305 F.3d 660, 664 (7th Cir. 2002) (quoting Remer v. Burlington Area Sch. Dist., 205 F.3d 990, 996 (7th Cir. 2020)). The Rooker-Feldman doctrine requires the court to look at whether the "federal plaintiff seeks to set aside a state court judgment or whether [s]he is, in fact, presenting an independent claim." Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 510 (7th Cir. 1996). It applies to claims directly seeking to set aside a state court judgment as well as claims that "do not on their face require review of a state court's decision" but "are inextricably intertwined with a state court judgment." Jakupovic v.

4

Curran, 850 F.3d 898, 902 (7th Cir. 2017) (citing Sykes v. Cook Cty. Circuit Court Probate Div., 837 F.3d 736, 742 (7th Cir. 2016)). Such claims essentially ask the federal district court to engage in "impermissible appellate review." Kamilewicz, 92 F.3d at 510.

Whether the claim is inextricably intertwined with the state court judgment "hinges on whether the federal claim alleges that the injury was caused by the state court judgment, or alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy." Sykes, 837 F.3d at 742. If the court determines that a claim is inextricably intertwined with a state court judgment, the claim is barred when the "plaintiff had a reasonable opportunity to raise the issue in state court proceedings." Jakupovic, 850 F.3d at 902. This doctrine is applied narrowly, barring claims only where the federal claim cannot be separated from the judgment of the state court. Id. at 902 (citing Sykes, 837 F.3d at 742).

Because the plaintiff is challenging whether the state court had jurisdiction over her case, the plaintiff is directly asking this court to overturn the state court's judgment. Because federal district courts are not permitted to act as appellate courts for state court cases, this court does not have subject matter jurisdiction over the plaintiff's claim.

The court also notes that the plaintiff alleged that the defendant violated her rights under the Fourteenth Amendment—presumably the Due Process Clause. The plaintiff could have appealed from the defendant's ruling and

5

raised that issue, both with the defendant and in the state appellate courts. That is the appropriate place for the plaintiff to have raised this claim.

Finally, the plaintiff cites violations of her rights under the Ninth Amendment. "[T]he Ninth Amendment 'is a rule of interpretation rather than a source of rights.'" Goodpastor v. City of Indianapolis, 736 F.3d 1060, 1075 (7th Cir. 2013) (quoting Froehlich v. Wis. Dep't of Corrs., 196 F.3d 800, 801 (7th Cir. 1999)). It states only that the fact that certain rights are enumerated in the Constitution does not mean that other rights held by the people may be denied or discouraged.

The Seventh Circuit has held that normally when a court dismisses a complaint, it should give the plaintiff at least one opportunity to amend before dismissing the case. Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. and Nw. Ind., 786 F.3d 510, 519 (7th Cir. 2015) (citations omitted). But "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." Arreola v. Godinez, 546 F.3d 788, 796 (7th Cir. 2008) (citations omitted). Because the plaintiff's allegations do not state facts which support any federal claim, the court concludes that it would be futile to allow the plaintiff to file an amended complaint.

### III. Conclusion

The court **GRANTS** the plaintiff's motion to proceed without the prepayment of filing fees. Dkt. No. 2.

6

The court **ORDERS** that this case is **DISMISSED** for lack of subject matter jurisdiction. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 26th day of May, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**